E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

December 29 2023 9:55 AM

CONSTANCE R. WHITE
COUNTY CLERK
NO: 23-2-12134-7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| SCOTT WOLBERT and JULIA WOLBERT, husband and wife, and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT USA, INC., a Delaware Corporation,<br><br>Defendant. | No.<br><br>COMPLAINT FOR DAMAGES RESULTING FROM PERSONAL INJURIES |

COME NOW the Plaintiffs, Scott Wolbert and Julia Wolbert, by and through their attorney, Michael E. McAleenan of Smith Alling, P.S., and hereby allege and claim as follows:

## I. Parties, Jurisdiction And Venue

1.1 At all times material hereto, Plaintiffs Scott Wolbert and Julie Wolbert were husband and wife constituting a marital community under the laws of the State of Washington residing in Puyallup, Pierce County, Washington.

1.2 Defendant Home Depot U.S.A., Inc. ("Home Depot") is a Delaware corporation registered to do business in Washington under UBI No. 601 262 719. In addition to



SMITH ALLING PS
ATTORNEYS AT LAW
1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

sales, Defendant Home Depot rents equipment and machinery to customers, including lawn mowers.

1.3 Jurisdiction and venue are properly placed in the Superior Court of Pierce County, Washington, pursuant to RCW 4.12 *et. seq.*, the residence of the Defendants and the location of the incident.

## II. FACTUAL BACKGROUND

2.1 Plaintiff realleges and incorporates paragraphs 1.1 through 1.3 above.

2.2 On March 20, 2022, Plaintiff Scott Wolbert was a business invitee of Defendant Home Depot located at 121 Military Road East, Tacoma, WA 98445.

2.3 Plaintiff Wolbert rented a self-propelled lawn mower from Home Depot.

2.4 When Plaintiff Wolbert got home and unloaded the mower, he started it and pushed down the bar to enable the automatic drive system. The lawn mower thrust forward at high speed throwing Plaintiff Wolbert onto the concrete sidewalk face first, breaking his nose, fracturing his face, and fracturing his shoulder.

2.5 When Plaintiff Wolbert was finally able to let go of the self-propel bar, the mower did not stop. It continued moving and crossed the main road (Pioneer Avenue), barely missing two vehicles, hit the curb on the other side, and although no longer moving, it was still running. Plaintiff Julia Wolbert witnessed the incident, ran across the street, and was able to turn off the lawn mower. See photographs attached as Exhibit 1.

2.6 Plaintiff Wolbert contacted Home Depot to advise them of the incident and spoke to the supervisor, Sheri. After explaining everything that happened, Sheri offered no condolences and did not inquire as to the extent of Plaintiff's injuries. Instead, she exclaimed, "you should know how to run a fucking lawn mower, sir!" Sheri then advised that if



SMITH ALLING PS
ATTORNEYS AT LAW
1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

Defendant Wolbert brought the lawn mower back by 8:00 am the next day, she would return his deposit.

2.7 Plaintiff Wolbert returned the lawn mower to Home Depot the next day. After telling the Home Depot employee in the rental shop what happened, the employee confirmed the defective/malfunctioning throttle system (it was upside down and the wires were all jammed up) and said that mower should never have been rented out.

2.8 While a business invitee of Defendant Home Depot on March 20, 2022, Plaintiff Scott Wolbert was injured as a direct and proximate result of the unreasonably safe condition of the property owned, maintained, and rented out by the Defendant.

## III. FIRST CAUSE OF ACTION – NEGLIGENCE

3.1 Plaintiff realleges and incorporates paragraphs 1.1 through 2.8 above.

3.2 Defendant Home Depot violated its duty to exercise ordinary care to maintain, in a reasonably safe condition, those items that Plaintiff Scott Wolbert was expressly and impliedly invited to rent and was reasonably expected to use.

3.3 Defendant Home Depot knew, or should have known, of unreasonable risk of harm. Defendant Home Depot knew, or by the exercise of reasonable care should have discovered, the dangerous, defective, and improperly maintained condition of the automatic lawn mower, and should have realized that it involved an unreasonable risk of harm to invitees such as Plaintiff.

3.4 Defendant Home Depot knew, or should have known, invitees would not realize or protect themselves from the danger. Defendant Home Depot should have expected that invitees, including customers invited onto Defendant's property, including Scott Wolbert, would not discover or realize the danger presented when renting the malfunctioning lawn



SMITH ALLING PS
ATTORNEYS AT LAW
1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

mower, and that said invitees, and Scott Wolbert specifically, would fail to protect themselves against an unreasonable risk of harm presented by using said malfunctioning lawn mower for its intended purpose.

3.5 Defendant failed to adequately inspect and prepare the lawn mower for rent in a reasonably safe condition and failed to adequately instruct, if at all, regarding the proper procedures for safe operation of the mower.

3.6 Defendant's negligent acts and omissions were a proximate cause of injuries and damages. Defendant Home Depot's acts and omissions described herein were a direct and proximate cause of Plaintiffs Scott Wolbert and Julia Wolbert's injuries and damages alleged herein.

## IV. DAMAGES

4.1 Plaintiff realleges and incorporates paragraphs 1.1 through 3.5 above.

4.2 As a direct and proximate result of the negligence alleged herein, Plaintiff Scott Wolbert suffered severe physical injuries and is entitled to be compensated for the same.

4.3 As a direct and proximate result of the negligence alleged herein, Plaintiff Scott Wolbert has incurred and will continue to incur medical expenses and other out-of-pocket expenses, and is therefore entitled to be compensated for the same.

4.4 As a direct and proximate result of the negligence alleged herein, Plaintiff Scott Wolbert has incurred and will continue to incur wage loss, and is therefore entitled to be compensated for the same.

4.5 As a direct and proximate result of the negligence alleged herein, Plaintiff Scott Wolbert has suffered severe mental and emotional distress and is entitled to be compensated for the same.



SMITH ALLING PS
ATTORNEYS AT LAW
1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

4.6 Plaintiff is also entitled to attorney's fees as provided by statute and/or common law in addition to prejudgment interest and other costs and disbursements associated with Plaintiff's claims.

## V. LIMITED PHYSICIAN/PATIENT WAIVER

5.1 Plaintiff realleges and incorporates paragraphs 1.1 through 4.6 above.

5.2 Plaintiff hereby waives the physician/patient privilege owing to the extent required by RCW 5.60.060, as limited by Plaintiff's constitutional rights of privacy, contractual rights of privacy, any ethical obligation of physicians and attorneys not to engage in ex parte contact between a treating physician and the patient's legal adversaries.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. For an award of damages compensating Plaintiff Scott Wolbert for his physical injuries in an amount to be proven at the time of trial.

B. For an award of damages compensating Plaintiff Scott Wolbert for his past and future medical and out-of-pocket expenses in an amount to be proven at the time of trial.

C. For an award of damages compensating Plaintiff Scott Wolbert for his past and future wage loss in an amount to be proven at the time of trial.

D. For an award of damages compensating Plaintiff Scott Wolbert for his past and future pain and suffering in an amount to be proven at the time of trial.

E. For an award of damages compensating Plaintiff Scott Wolbert for his past and future mental and emotional distress in an amount to be proven at the time of trial.

F. For an award of damages compensating Plaintiff Julia Wolbert for her past and future loss of consortium in an amount to be proven at the time of trial.



SMITH ALLING PS
ATTORNEYS AT LAW
1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

G. For an award of damages compensating Plaintiff Scott Wolbert for his costs and attorney's fees incurred pursuant to RCW 44 et. seq.

H. For an award of whatever further relief the court deems just and equitable.

DATED this 28th day of December, 2023.

SMITH ALLING, P.S.

By [signature]
Michael E. McAleenan, WSBA #29426
Attorney for Plaintiff

**CERTIFICATION**

SCOTT WOLBERT deposes and states as follows:

That I am a Plaintiff above-named, that I have read the foregoing Complaint for Damages Resulting From Personal Injuries and believe the same to be true and correct to the best of my knowledge and belief.

I certify, under penalty of perjury, that the foregoing statement is true and correct under the laws of the State of Washington.

12-23-23- Puyallup Wash.
DATE AND PLACE OF SIGNING

[signature]
SCOTT WOLBERT



SMITH | ALLING PS
ATTORNEYS AT LAW
1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

# EXHIBIT 1


NWMLS


©2023 Microsoft Corporation | 8/17/2021
706 W Pioneer, Puyallup, WA
98371, United States
Feedback
W Pioneer
W Pioneer
Report a privacy concern with this image


706 W Pioneer Ave,
Puyallup, WA 98371